IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER BENNETCH | : | CIVIL ACTION |
| GERALD WILLIAMS-BEY | : | |
| | : | |
| v. | : | |
| | : | |
| VANESSA HALL, et al. | : | NO. 16-3725 |

**MEMORANDUM**

GOLDBERG, J.                                                                                                           AUGUST 17th, 2016

       Plaintiffs Jennifer Bennetch and Gerald Williams-Bey filed this civil action against Vanessa Hall, the Philadelphia Housing Authority (PHA), Philadelphia Housing Authority Property Manager Bobby Malcom, and "Megans Law Pennsylvania."[1] Plaintiffs seek leave to proceed *in forma pauperis*. The Court will grant plaintiffs leave to proceed *in forma pauperis* and dismiss their complaint for the following reasons.

     I.     FACTS

       Plaintiffs, tenants of the PHA, allege that defendant Hall, also a tenant of the PHA, has been harassing them since 2012. Plaintiff Bennetch alleges that Hall has made comments to her based on her race/color (white) and religion (Muslim) because Hall does not like the fact that Bennetch is dating Williams-Bey, who is black. Bennetch filed a complaint with the PHA about the harassment via a City councilman. Three days later she was contacted by a detective, who asked about her complaint but determined that there was not enough evidence to prosecute the matter. The detective referred the matter to property manager Malcolm for mediation.

---

[1] Although the docket lists "Phila Housing Authority Property Mnager" and "B. Malcom" as two defendants, it is apparent from the complaint that B. Malcolm and the property manager are the same individual.

1

Malcolm sent a letter addressed to "Gary Williams," which is Williams-Bey's alias that only appears in connection with his registration under Megan's Law due to a 1993 sex offense. The Court understands the plaintiffs to be alleging that Hall learned of Williams-Bey's conviction by virtue of Pennsylvania's Megan's Law website and used that information to further harass them and affect their status in the community. Plaintiffs also allege that Hall "used [Williams-Bey's] Megans Law Profile to create a bias within P.H.A which allowed her to avoid being held accountable for her actions." Plaintiffs contacted the website and the police "to report the misuse [of the information on the website] and were turned away." The mediation was ultimately unsuccessful and plaintiffs allege that none of their efforts have curtailed Hall's harassment.

Plaintiffs seek monetary damages based on Hall's harassment and the PHA's failure to stop the harassment. They also seek an order requiring the PHA to move Hall away from plaintiffs and their family, as well as an order "requir[ing] Megans Law Pa to reword the disclaimer on the website to include possible penalties so it will be more likely to deter against misuse and require [the website] to have officers available and accessible at all state trooper locations to specifically accept and investigate claims of misuse of information."

II. **STANDARD OF REVIEW**

Plaintiffs' motions to proceed *in forma pauperis* are granted because it appears that they are incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice."

*Id.* As plaintiffs are proceeding *pro se*, the Court must construe their allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.   DISCUSSION

Liberally construing the complaint, the Court understands plaintiffs to be raising claims under 42 U.S.C. § 1983 for violation of their constitutional rights and the Fair Housing Act.[2] The Fair Housing Act prohibits discrimination in housing based on "race, color, religion, sex, familial status, or national origin." *See* 42 U.S.C. § 3604. Although Hall's negative comments toward plaintiffs may have been based on their race, color, and/or religion, the complaint does not plausibly allege that the PHA or Malcolm discriminated against plaintiffs on those grounds. Malcolm did not mediate the dispute in a manner that was satisfactory to the plaintiffs, nor did the mediation resolve the matter, but it is not clear why plaintiffs believe his or the PHA's response was discriminatory. If their claims are based solely on the fact that Malcolm's letter was directed to Gary Williams, Mr. Williams-Bey's alias, that is an insufficient basis alone to raise a plausible inference of impermissible discrimination. *See Shahin v. PNC Bank*, 625 F. App'x 68, 71 (3d Cir. 2015) (per curiam).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Supreme Court has observed that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Furthermore, "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." *Graw v. Fantasky*, 68 F.

---

[2] "Megans Law" is a statute. It is not a suable entity. Accordingly, the Court will dismiss "Megans Law" as a party to this lawsuit.

3

App'x 378, 383 (3d Cir. 2003) (quotations omitted). Accordingly, plaintiffs cannot bring any claims based on alleged failures of individuals in the PHA or any other government officials to investigate or prosecute Hall, even if plaintiffs are the victim of Hall's alleged crimes. *See Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (per curiam) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."). Furthermore, nothing in the complaint alleges that a policy or custom of the PHA caused a violation of plaintiffs' rights, as is necessary to state a claim for municipal liability under § 1983. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

To the extent plaintiffs intended to bring claims against Hall under § 1983, they have not sufficiently alleged that she is a state actor. Although private actors may act under color of state law in certain circumstances, including when they act with the help of or in concert with state officials, *see Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009), plaintiffs do not plausibly allege that Hall acted jointly with PHA officials such that she could be considered a state actor. Although plaintiffs might have state law claims against Hall, there is no independent basis for jurisdiction over those claims. A district court has jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Here, the complaint suggests that the parties are not completely diverse because they are citizens of Pennsylvania.

IV. **CONCLUSION**

For the foregoing reasons, the Court will dismiss plaintiffs' complaint without prejudice to their filing an amended complaint. An appropriate order follows, which shall be docketed separately.

4